IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NO-BURN INCORPORATED, | ) | Case No. 05-10463 |
| | ) | |
| Plaintiff, | ) | Adv. No. 05-02096 |
| v. | ) | |
| | ) | |
| JASON P. SPELLER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

This matter came before the Court for hearing on January 12, 2006 upon a Motion for Protective Order filed by No-Burn Incorporated (the "Creditor") on December 19, 2005 and a Response thereto filed by Jason P. Speller (the "Debtor") on January 10, 2006.  At the hearing, David H. Idol appeared on behalf of the Debtor, and Jewel A. Farlow appeared on behalf of the Creditor.  Based upon a review of the Motion, the Response, arguments of counsel, and the entire official file, the Court hereby makes the following findings of fact and conclusions of law.

FACTS

1.      On October 15, 2004, the Creditor filed a lawsuit against the Debtor in Ohio state court regarding, inter alia, misappropriation of trade secrets, trade names, intellectual property, and other proprietary business information and assets (the "Ohio Action").

2.      On February 15, 2005, the Debtor filed for chapter 7 protection in this Court.

3.      On May 5, 2005, this Court granted the Creditor relief from stay to proceed with the adjudication of the Ohio Action against the Debtor and specifically included the authority to proceed with discovery and to seek injunctive relief.  The Creditor was not allowed to "seek

enforcement of any judgment, recovery of any property from the estate of the Debtor, or seek any other remedy other than to obtain a judgment in the Ohio Action."

4.      On June 22, 2005, the magistrate in the Ohio Action ruled against the Debtor and the Debtor's company, First Safety Technologies, LLC, jointly and severally for $183,194.91 plus punitive damages in the amount of $183,194.91, for a total of $366,389.82.

5.      On June 22, 2005, the magistrate's ruling in the Ohio Action  was finalized, and no objection was filed.  No appeal was taken from the magistrate's decision or the judgment.

6.      On July 12, 2005, the Creditor filed this adversary proceeding objecting to (a) the dischargeability of a debt under Section 523(a)(6) and (b) the Debtor's discharge under Section 727(a)(3) (the "Complaint").

7.      On August 18, 2005, the Debtor filed an Answer to the Complaint (the "Answer").

8.      On September 19, 2005, this Court entered a scheduling order setting certain deadlines for the prosecution of this adversary proceeding, including February 10, 2006, by which to complete discovery and disclose expert witnesses, February 24, 2006, by which to file expert witness reports, and March 10, 2006, by which to file dispositive motions.

9.      On November 11, 2005, the Creditor served upon the Debtor a request to produce documents.  The Debtor responded to this request.

10.      On November 14, 2005, the Debtor served upon the Creditor written Interrogatories, Requests for Admissions, and Requests for the Production of Documents (the "Discovery Requests").

11.      On December 19, 2005, the Creditor served its answers to the Discovery

Requests.  Most of the Discovery Requests were unanswered.  After each unanswered request,

the Creditor repeated a paragraph that alleged that the doctrine of res judicata prevented the

Creditor from having to answer the request.

12.     On December 19, 2005, the Creditor filed the Motion for Protective Order

alleging that the doctrine of res judicata, collateral estoppel, and the principle of issue preclusion

excused the Creditor from having to respond the Discovery Requests.  The Creditor further

alleged that the Discovery Requests were intended to harass the Creditor, cause an unreasonable

annoyance, oppression, or an undue burden or expense on the Creditor, and that the Debtor was

merely attempting to go on a "fishing expedition."  The Creditor alternately requested that if the

Court required the Discovery Requests to be answered, then the Court first conduct an in camera

review of the discovery sought.  Additionally, the Creditor requested that if the Court required

the Discovery Requests to be answered, that the Court enter a protective order prohibiting the

Debtor from disclosing, revealing, or otherwise disseminating any discovery or documentation

that is a trade secret or other confidential research, development, or commercial information.

## ANALYSIS

### I.  Res Judicata, Collateral Estoppel, and Issue Preclusion

At the hearing, the Creditor argued that collateral estoppel prevented the Debtor from

relitigating certain issues that were determined in the Ohio Action.  The Creditor asserted that

Ohio state law on collateral estoppel should apply to this case.  Finally, the Creditor argued that

many of the Discovery Requests were aimed at relitigating such issues and thus were barred

under the doctrines of res judicata and collateral estoppel.

The matter presently before the Court is a Motion for a Protective Order regarding a

discovery dispute.  It is premature to consider arguments as to whether res judicata or collateral

estoppel apply in this case.  Such issues are better suited for summary judgment, after the parties

have had a full and fair opportunity to engage in the discovery process, and the Court will not

rule on them at this time.

## II.  The Debtor's Discovery Requests

Of all the Discovery Requests, the Creditor only answered one Interrogatory and

produced documents responding to one Request to Produce.  For the remaining twenty-three

Discovery Requests, the Creditor inserted the same paragraph for a response.  That paragraph can

be summarized to argue that the Debtor's requests were barred by res judicata, collateral

estoppel, or issue preclusion or were too burdensome for the Creditor to produce.  As discussed

above, issues regarding res judicata and collateral estoppel are premature in the discovery phase

of a lawsuit.  Thus, the Court must turn to the Federal Rules of Civil Procedure to determine

which of the Discovery Requests the Creditor must answer.

Federal Rule of Civil Procedure 26(b)(1) provides that parties may discover any matter

that is not privileged and is relevant to the claim or defense of any party.  For good cause, the

court may order discovery of any matter relevant to the subject matter involved in the action.

Relevant information need not be admissible at trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence.  Federal Rule of Civil Procedure

26(b)(2) provides that discovery may be limited if a court determines that (1) discovery is

unreasonably cumulative or duplicative or is obtainable from some other source more

convenient, less burdensome, or less expensive; (2) the requesting party has had ample

opportunity by discovery to obtain the information sought; or (3) the burden or expense of the

discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the proposed discovery in resolving the issues.

Federal Rule of Civil Procedure 26(c) gives a court the authority to make any order to protect a party from annoyance, embarrassment, oppression, or undue hardship, including that (1) discovery not be had; (2) discovery be had only on certain terms and conditions; (3) discovery may be had only by certain methods; (4) the scope of discovery be limited; (5) discovery be conducted with only specified persons present; (6) depositions be sealed; (7) trade secrets or other confidential information not be revealed or be revealed only in a designated way; and (8) parties file documents in sealed envelopes.

A.  Interrogatories

Federal Rule of Civil Procedure 33(a) allows parties to serve written interrogatories on any other party (limiting the number that may be requested to twenty-five interrogatories). Federal Rule of Civil Procedure 33(b) provides that each interrogatory shall be answered or objected to, in which case the objecting party must state the reasons for the objection and answer to the extent not objectionable; all grounds for objection shall be stated with specificity.

The Debtor served a total of twelve interrogatories on the Creditor.  The Creditor only answered one of those twelve.  The Court has reviewed each of the interrogatories and determined the course of action that the Creditor must take, as follows:

Interrogatory No. 1: The Creditor has answered.
Interrogatory No. 2: The Creditor must answer the interrogatory with respect to Requests for Admissions numbers one through four.
Interrogatory No. 3: The Creditor must answer.
Interrogatory No. 4: The Creditor must answer.

Interrogatory No. 5:  No answer is required subject to a showing of relevance.[1]
Interrogatory No. 6: The Creditor must answer.
Interrogatory No. 7: The Creditor must answer.
Interrogatory No. 8: The Creditor must answer.
Interrogatory No. 9:  No answer is required subject to a showing of relevance.
Interrogatory No. 10: No answer is required subject to a showing of relevance.
Interrogatory No. 11: No answer is required subject to a showing of relevance.
Interrogatory No. 12: The Creditor must answer if the answer is known; otherwise, the
Creditor must supplement this response at a later date.

B.  Requests for Admissions

Federal Rule of Civil Procedure 36(a) provides that any party may serve a request for the

admission of any matter within the scope of FRCP26(b)(1) that relates to statements or opinions

of fact or of application of law to fact, including the genuineness of documents.  If objections are

made, the reasons must be stated.  The answer must deny the matter or say why the answering

party cannot admit or deny the answer.

The Debtor served a total of nine Requests for Admissions on the Creditor.  The Creditor

did not answer any of them.  The Court has reviewed each of the Requests for Admissions and

determined the course of action that the Creditor must take, as follows:

Request for Admission No. 1: The Creditor must answer.
Request for Admission No. 2: The Creditor must answer.
Request for Admission No. 3: The Creditor must answer.
Request for Admission No. 4: The Creditor must answer.
Request for Admission No. 5:  No answer is required subject to a showing of relevance.
Request for Admission No. 6:  No answer is required subject to a showing of relevance.

---

[1]Parties may discover any matter that is not privileged and is relevant to the claim or
defense of any party.  Fed. R. Civ. P. 26(b)(1).  From a review of the official court file, including
the Complaint, the Answer, and the Discovery Request itself, the Court cannot at this time
conclude that this Discovery Request, and certain other Discovery Requests, are relevant to the
issues in this adversary proceeding.   Because the Creditor did not object to the relevance of the
Discovery Requests, and instead relied on res judicata and collateral estoppel theories, both
parties will be given an opportunity to address the relevance of certain Discovery Requests at a
hearing on January 30, 2006.

Request for Admission No. 7:  No answer is required subject to a showing of relevance.
Request for Admission No. 8:  No answer is required subject to a showing of relevance.
Request for Admission No. 9:  No answer is required subject to a showing of relevance.

### C.  Requests to Produce Documents

Federal Rule of Civil Procedure 34(a) provides that any party may ask to inspect and copy

documents or to inspect tangible things within the discovery rule parameters.

The Debtor served on the Creditor four Requests to Produce documents.  The Creditor

responded to one of the four.  The Court has reviewed each of the Requests for the Production of

Documents and determined the course of action the Creditor must take, as follows:

Request to Produce No. 1:  No production is required subject to a showing of relevance.
Request to Produce No. 2:  No production is required subject to a showing that such
documents cannot be obtained from the Ohio state court.  If the documents cannot be obtained
from the Ohio state court, then they shall be produced by the Creditor.
Request to Produce No. 3: The Creditor must produce the document(s).
Request to Produce No. 4: The Creditor has already produced the documents.

### III.  FURTHER HEARING

A further hearing shall be held on the Creditor's Motion for a Protective Order on January

30, 2006 at 2:00 p.m. at the United States Bankruptcy Court, 101 S. Edgeworth Street,

Greensboro, North Carolina.  The purpose of this hearing is to (a) give the parties an opportunity

to address the relevance of certain Discovery Requests as noted above, (b) determine if the

requested documents may be obtained from the Ohio state court, (c) determine if a protective

order is needed to protect trade secrets and any other confidential information, and (d) determine

when the Creditor's responses to the Discovery Requests are due.

### IV.  CONCLUSION

The parties shall appear at a hearing on January 30, 2006, to present further evidence and

address the issues noted above.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate

order shall be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NO-BURN INCORPORATED, | ) | Case No. 05-10463 |
| | ) | |
| Plaintiff, | ) | Adv. No. 05-02096 |
| v. | ) | |
| | ) | |
| JASON P. SPELLER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

PARTIES IN INTEREST

No-Burn Incorporated

Jewel Ann Farlow, Esquire

Jason Speller

David H. Idol, Esquire